DECISION
This appeal concerns certain real property assessments for the 2006-07 and 2007-08 tax years. The 2008-09 tax year was withdrawn by Plaintiff during a May 13, 2009, case management conference; the representative said he would pursue that claim in a local forum.
For the 2006-07 and 2007-08 tax years, a trial was held on September 3, 2009. Scott Lepman (Lepman), owner, appeared for Plaintiff. Richard D. Newkirk (Newkirk), county appraiser, testified for Defendant.
 I. STATEMENT OF FACTS
The subject property consists of land and a rented residential structure located at 490 Hopkins Avenue in Corvallis, Oregon. The residence has nearly 1,000 square feet of living area. In early 2006 it rented for $675 per month. The land comprises about .43 acre. It is identified as Account 132567. The focus is on the property's real market value (RMV) as of January 1, 2006 and January 1, 2007.
The competing RMVs presented at trial are:

Tax Year Tax Statement Defendant Plaintiff
2006-07 $135,720 $140,000 $11,720
2007-08 $143,690 $150,000 $11,720
 *Page 2 
Plaintiff's representative produced no probative valuation evidence prior to trial. His presentation consisted largely of various arguments, beliefs, and suppositions that were contained in the original Complaint. Lepman testified he believed the property had minimal value due to a city easement on the land. He requested that "a nominal value should be assigned to this site." (Ptf's Compl at 2.) No sales data involving similarly affected properties were offered.
Pursuant to Tax Court Rule-Magistrate Division10, Defendant produced and submitted a comprehensive appraisal summary. The information was contained in Defendant's Exhibit A. It was received without objection. Plaintiff offered a letter filed September 2, 2009, as evidence. Upon objection by Defendant, it was excluded as being untimely. It was not received as an exhibit for trial purposes.
Defendant concluded the easement did not reduce the property to a nominal or negative value. Newkirk's evidence included several sales of comparable properties. All transactions occurred near the respective assessment dates. For the 2006-07 tax year, four sales were presented. The sales prices ranged from $122,900 to $143,000. (Def's Ex A at 20-23.) After necessary adjustments, the indicated range was from $123,690 to $143,780. (Def's Ltr at 1, Aug 21, 2009.) For the 2007-08 tax year, four different sales were examined. The sales prices ranged from $135,000 to $184,500. (Def's Ex A at 26-29.) After necessary adjustments, the indicated range was from $129,120 to $179,270. (Id. At 32.)
 II. ANALYSIS
The court's objective is to determine the RMV of Plaintiff's property as of January 1, 2006 and 2007. ORS 308.205(1) (2005) defines real market value as: *Page 3 
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
No independent valuation evidence was produced by Plaintiff. More is needed than beliefs and conclusions. The court must have market sales evidence to examine, evaluate and weigh. It is inconsistent to receive $675 per month in 2006 rental income and maintain the property has but nominal value.
The best valuation evidence is that offered by Defendant. Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v.Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235
(1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
Plaintiff has not submitted sufficient valuation evidence to support an assessment reduction for either the 2006-07 or 2007-08 tax year. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that the appeal is dismissed for 2008-09; and
IT IS FURTHER THE DECISION OF THIS COURT that the appeal for tax years 2006-07 and 2007-08 appeal is denied.
Dated this _____ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February18, 2010. The Court filed and entered this document on February 18,2010.